In the case of *Cave* v. *Insurance Co., supra,* the building was insured in three different companies. One of them valued it at $1,000, another at $3,000, and the third made no mention as to the reqirements of the statute.

It will thus be seen that the valuation placed on the building by one company was three times as large as that mentioned in one of the other policies. The valuation of $3,000 increased the risk assumed by the first company, which valued the building at $1,000. To allow the policy-holder to insure the property in other companies, without the knowledge or consent of the first company, would render the business of insurance very uncertain, as to the extent to which the companies might be made liable, without any agreement on their part. It would require them to find out, if the insured had taken out policies in other companies, in order to ascertain the amount for which they were liable—whether for the full value or a proportionate part thereof.

It is unreasonable to suppose that the statute contemplated such loose and uncertain business methods.

Affirmed.

---

## 8999

### COBB, RECEIVER, v. GARLINGTON.

#### (84 S. E. 302.)

REFERENCE. JURISDICTION. SURVIVAL AND ABATEMENT. PARTIES ACCOUNTING. BURDEN OF PROOF. APPEAL AND ERROR.

1. APPEAL AND ERROR—REFERENCE.—Findings by a referee upon irrelevant matters are upon appeal to be treated as harmless.

2. COURTS — JURISDICTION ACQUIRED — RETENTION — IMPRISONMENT OF DEFENDANT.—Where the Court acquired jurisdiction of a civil cause and of defendant, who retained counsel and answered, the Court retained jurisdiction, though pending the action defendant was imprisoned in the penitentiary, and his attorneys appeared in the case and attended all hearings while he was imprisoned, and offered testimony for him, and argued the case after he had been paroled.

3. CONVICTS—ACTIONS—GUARDIAN AD LITEM—APPOINTMENT—WAIVER.
—A defendant, who, pending a civil suit against him, was imprisoned
in the penitentiary, waived his right to the appointment of a guard-
ian *ad litem,* where his attorneys, employed before his imprisonment,
appeared and attended all hearings while he was imprisoned, and
after his parole offered testimony for him and argued the case.

4. TRUSTS—ACCOUNTING—BURDEN OF PROOF.—Where a fiduciary relation
required defendant to render to plaintiff an accounting, and the plain-
tiff traced funds into the hands of defendant, the latter must show
that he had complied with his trust and has properly disbursed the
funds.

Before PRINCE, J., Columbia, S. C., April, 1914.
Affirmed.

Action by W. Hampton Cobb, as receiver of Carolina
Agency Company, plaintiff, against John Y. Garlington,
defendant.

This is an appeal from the decree of the Honorable Geo.
E. Prince, presiding Judge of the Court of Common Pleas
for Richland county for the Spring term, 1914, giving
judgment against the defendant-appellant for $25,000.
The action was for an accounting. It was commenced on
or about the 5th of January, 1909, by the Carolina Agency
Company, of which W. Hampton Cobb, Esq., was subse-
quently appointed receiver, and as such, by subsequent pro-
ceedings in the cause, was made party-plaintiff. The com-
plaint was verified. Upon the complaint and an affidavit
of one of plaintiff's attorneys the clerk of the Court below
granted an order for the publication of the summons. A
warrant of attachment was also issued. Publication of
the summons was commenced on the 22d of January, 1909,
and was continued for six weeks. Within due time the
defendant, by his attorneys, appeared specially and made a
motion to dissolve the attachment. This motion was heard
by Mr. Justice D. E. Hydrick, who was then presiding
Judge of the Court of Common Pleas for Richland county,
on the 6th of March, 1909. The motion to dissolve and

vacate the attachment was refused. Appeal therefrom was taken to this Court. The opinion of this Court is reported in 85 S. C. 114, 67 S. E. 225. The decree of the Court below was affirmed.

During the pendency of that appeal and without notice to, or knowledge of, the defendant, or his attorneys, the Carolina Agency Company, on affidavit that the action was in default, procured from his Honor, Judge Klugh, then presiding, an order of reference to the master, pursuant to which the master held a reference and took certain testimony and shortly thereafter filed a report recommending judgment against the defendant for $25,000, and order therefor was duly taken. After this judgment was entered and as soon as the defendant's attorneys became aware of the same, a motion was made before his Honor, Geo. E. Prince, then presiding in Richland county, to vacate the judgment. This motion was granted and the judgment was set aside and the defendant given leave to answer.

On 13th April, 1910, the defendant served his answer in the cause, which had been referred with consent of defendant, on April 11th, 1910, to the master for Richland county to take the testimony, try all issues of fact and law, and report his findings and conclusions.

At the January, 1910, term of the Court of General Sessions for Richland county, the defendant was indicted for conspiracy, breach of trust with fraudulent intention, and grand larceny, and at the said term was convicted of breach of trust with fraudulent intention and sentenced to imprisonment for a term of three years. Appeal therefrom was taken to the Supreme Court and on the 13th of November, 1911, was decided by this Court and the judgment against the defendant was affirmed. 90 S. C. 138, 72 S. E. 564.

At the first reference called under the order of April 11, 1910, at the instance of plaintiff's attorneys, and held on December 28th, 1911, the Court was advised of the fact

that the defendant was then imprisoned in the State penitentiary under the conviction and sentence above stated.

Considerable testimony was taken at the reference on December 28, 1911, and a second reference was held on March 12, 1912, pursuant to agreement of counsel. At this reference the plaintiff closed its case.

Another reference was called for July 22, 1912, and at this time counsel for the defendant took the position that the defendant being imprisoned, a guardian *ad litem* should be appointed for him, but they declined to apply for the appointment of such guardian. Defendant's counsel announced that they would offer no testimony, but would rely solely on their legal position, but subsequently receded from this view and offered testimony on behalf of defendant, still claiming that they were doing so under protest, and that they had reserved their rights. Before the last reference was held and before the defendant had concluded his case the defendant was paroled and discharged from prison.

The master's report was filed 26th February, 1913, and a copy served on defendant's attorneys March 8th, 1913. The matter came on to be heard at the April, 1914, term of Court of Common Pleas for Richland county upon exceptions to the master's report. Thereafter the presiding Judge filed the following decree:

This cause came on to be heard before me at the Spring term, 1914, of the Court of Common Pleas for Richland county, upon exceptions by both plaintiff and the defendant from the findings of the master, to whom the cause has been referred.

It appears from the record that the cause was originally entitled Carolina Agency Company, plaintiff, against John Y. Garlington, defendant, but that a receiver having been appointed for the plaintiff company during the pendency

of the action, the receiver of the plaintiff company was by order of the Court substituted as plaintiff.

During the hearing of the cause, by agreement of counsel, the hearing was suspended, but the cause marked "heard," and it was agreed that the hearing would be resumed before me at Anderson, in case I desired to hear further argument upon the matter. Having decided that further argument was necessary, the attorneys for plaintiff and defendant, by agreement between themselves, resumed the argument before me at Anderson, S. C., on July 20th, 1914.

Considering, first, the exceptions taken to the master's report by the defendant, I find that while the matters complained of in exceptions 1 and 2 may not have been relevant upon the issues here in dispute, and that the master could have refrained from making any reference to them, they are not of such a nature as to affect the merits or final result of the cause, and such findings by the master were, therefore, harmless.

As to the remaining exceptions of the defendant, it is not necessary for them to be taken up in detail. The point is made that when it appeared in the case that the defendant had been imprisoned in the State penitentiary, the Court lost jurisdiction of the defendant and was powerless to proceed without the appointment of a guardian *ad litem*. It appears from the pleadings, evidence and proceedings herein, that the Court had acquired jurisdiction of the defendant and of the cause of action, that the defendant had retained counsel, appeared by them, and answered by a sworn answer before he was imprisoned in the penitentiary; that his attorneys appeared in the case and attended all references while he was imprisoned; and actually offered testimony in his behalf and argued the case before the master after he had been paroled and released from the penitentiary. Under the circumstances, I find that the Court had jurisdiction of the defendant and of

the subject matter of the action throughout the pendency of the cause, and even if the defendant had been entitled to the appointment of a guardian *ad litem,* the right has been waived by the acts of the defendant and his counsel as set out in the proceedings herein.

As to the merits of the action, I find that where a fiduciary relation has been shown, which renders it incumbent upon one party to render to another party an accounting, as in the case here, that after the plaintiff has traced funds into the hands of the defendant, from whom an accounting is due, it is incumbent upon the defendant to show that he has complied with his trust, and has legally and properly disbursed or paid over such funds. The plaintiff in this case, by clear and convincing evidence, a part of which consists of the defendant's own statement, has proven that the defendant received as general manager and treasurer of the plaintiff company, the sum of $118,770.00. The plaintiff alleged in its complaint that of this amount at least the sum of $25,000.00 had not been accounted for, but proved a deficiency of $26,948.63. The master found for the plaintiff in the sum of $21,948.63 and gave judgment for that amount, but in arriving at said sum, he allowed the defendant a credit of $5,000.00 for commissions paid others for the sale of stock in the plaintiff company. The allowance of this credit is the foundation of the plaintiff's exceptions to the master's report. I find that the defendant· was not entitled to any allowance whatever for the payment of commissions on the sale of stock in the said company, and the finding of the master in that regard is modified in accordance with the contention of the plaintiff herein.

The remaining exceptions of the defendant are, therefore, overruled, and the finding of the master is modified by allowing the plaintiff so much of the $5,000.00 credit allowed the defendant by him, as will make the total of plaintiff's judgment, exclusive of costs, $25,000.00; my con-

struction of the complaint being, that there cannot· be a
recovery for more than $25,000.00.

It is, therefore, ordered, decreed and adjudged that the
plaintiff herein shall have judgment against the defendant
for the sum of $25,000.00 and the costs of this action.

*Messrs. Dial & Todd,* for appellant, submit: *That the
defendant-appellant should have been represented in the
Court below by a guardian ad litem, or some other legal
representative, during the whole of the period that he was
under the disability of conviction and imprisonment in the
State penitentiary for breach of trust with fraudulent inten-
tion; that all of the references held in the cause, and all
of the testimony taken thereat, and all of the other pro-
ceedings below during the time of the continuance of this
disability, without the appointment of a guardian ad litem,
or other representative, were illegal, and, therefore, not
binding upon appellant; that, as a matter of law, during
the period of said disability this action·was suspended and
the Court was without power to proceed with the references
and the taking of testimony, and the other proceedings
which were had; that all of the references in the cause, and
all of the proceedings below were, therefore, without war-
rant of law, and of no binding effect upon defendant;* and
cite: Code Civil Proc. 1912, sec. 170. *Liability:* Black's
Law Dic.; 18 Mont. 152; 44 Pac. 528; 56 Am. St. Rep.
565; Code Civil Proc. 1912, sec. 133; 96 Kan. 51.; 7 L. R. A.
(N. S.) —; 1 Minor's Institutes 67; 1 Bl. Com. 132; Ander-
son Law Dic., p. 359; 137 Am. St. Rep. 687; Code Civil
Proc. 1912, sec. 185; 6 Am. St. Rep. 383; Bailey Eq. 116;
51 S. C. 405; 53 S. C. 462; 71· S. C. 332; 19 S. C. 572;
9 Cyc. 874; 29 Kan. 158; 84 Pac. 1030; 91 N. E. 145; 51
S. E. 132; 43 S. E. 221.

*Messrs. Nelson, Nelson & Gettys,* for respondent, sub-
mit: Code Civil Proc. 185 *applies only where defendant*

*is imprisoned at time of commencement of action. In* 51 S. C. 405; 53 S. C. 461, *objection was to jurisdiction. Ad litem, where necessary:* 56 S. C. 96; 71 S. C. 17. *Voidable proceedings will not be set aside without proper showing:* 10 Enc. Pl. & Prac. 704; 1 S. E. 480; 96 N. C. 243; 2 Rich. 324. *Failure to make appointment may be waived:* 56 S. C. 96; 69 S. C. 278; 93 S. C. 370; 61 S. C. 141; 61 S. C. 237; 70 S. C. 466. *Kansas statute distinguished:* 29 Kan. 158; 9 Cyc. 875; secs. 337, 338 and 343, ch. 82 Comp. Laws Kan.; 70 Kan. 429; 70 Pac. 852; 109 Am. St. Rep. 461; 26 L. R. A. 232. *Burden of proof on accounting:* 1 Cyc. 448; 47 S. E. 205; Mechem Agency, sec. 529; 25 S. E. 584; 98 Ga. 578; 58 Am. St. Rep. 320; 11 S. E. 721; 85 Ga. 28; 45 S. E. 667; 42 S. E. 904; 46 S. C. 146; 74 S. C. 476.

*Messrs. Logan, Edmunds & Graydon,* also for respondent, submit: *There was no necessity for appointment of guardian ad litem:* 1 Duer. 664; 12 Hun. 218; 4 Abb. Pr. (N. S.) 478; 95 N. Y. 250; 12 Abb. Pr. (O. S.) 387; 3 Keyes 606; 7 Paige 150; Hoff. Chan. 109; Bar. Chan., vol. I, 54; 6 Johns, ch. 118; Cro. Eliz. 516; 1 Wils. 217; 2 Ld. Raym. 1572; 83 Ga. 549; 68 Cal. 517; 23 Fla. 478.

February 13, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The judgment of the Circuit Court is affirmed for the reasons therein stated.